

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 19, 1974

The Honorable William J. Bernardino
Montgomery County Attorney
Conroe, Texas   77301

Opinion No. H- 280

Re: Can a road be considered
a health nuisance so as to give
district health officer authority
to order its abatement?

Dear Mr. Bernardino:

You have requested our opinion on the question of whether "a road" can "be considered a health nuisance so as to authorize a Health officer to proceed to abate same under provisions of V. A. C. S. Art. 4477-1, Sec. 3(b). "

Article 4477-1, V. T. C. S. , establishes "minimum standards of sanitation and health protection measures. " In its §1 (g) it defines "nuisance" as:

> "Any object, place or condition which constitutes a possible and probable medium of transmission of disease to or between human beings or any other object, place or condition which may be specifically declared by this Act to be a nuisance. "

In § 2, it specifically declares certain conditions "to be nuisances dangerous to the public health, " among them:

> ". . . .

> "(e) Any place, condition or building controlled or operated by any governmental agency, state or local, which is not maintained in a sanitary condition;"

p. 1304

". . . .

"(h) Any collection of water in which mosquitos are breeding within the limits of any city, town or village;"

": . . .

Section 3 (b) provides as follows:

"Every local health officer who receives information and proof of the existence of a nuisance within his jurisdiction shall issue a written notice to any person responsible for the said nuisance ordering the abatement of same.  He shall at the same time send a copy of the said notice to the local city, county, or district attorney.  Such notice shall specify the nature of the nuisance and shall designate a reasonable time within which such abatement shall be accomplished.  In the event such notice is not complied with within the specified time, the local prosecuting attorney who received the copy of the original notice shall be so advised by the local health officer, and he shall immediately institute proceedings for the abatement thereof."

We believe that the basic answer to your question is controlled by the facts and circumstances involved in a given case, and the most we can say is that there is nothing about "a road" that would prevent conditions existing thereon from being considered a nuisance under Article 4477-1 if the conditions defined in the statute exist with reference to or because of the road or its maintenance.

In your letter you enclosed a letter to you from the director of the Montgomery-Walker County Health District which indicates that the concern emanates from that agency.  We note our belief that under § § 4 and 4a of Article 4447a, V. T. C. S., the director of a coordinated health

program such as the Montgomery-Walker County Health District may be considered a "local health office" as defined in § 3 (b) of Article 4477-1, with a caveat from the narrow construction of the latter statute in ABC Rendering Inc. v. State, 342 S.W. 345 (Tex. Civ. App., no writ, 1961) which holds that a "local health officer" under Article 4477-1 must have taken the oath required of county health officers and have filed a copy of his appointment with the State Board of Health.

The letter from the health unit further indicates that the following conditions on the road in question are disturbing the agency:

"1) When a road is so poorly built and/or maintained that it persistently contains significant amounts of stagnant or unwholesome water liable to produce disease.

"2) When a road is so poorly built and/or maintained that it interferes with proper drainage causing sub-surface water to the degree that it interferes with proper functioning of private sewage systems or threatens to contaminate private or public water supplies.

"3) When a private road is the only means of egress to a densely populated area (e.g. a subdivision) and it is so poorly built and/or maintained that it would be impossible a significant amount of time for vehicular traffic to pass.

"4) When a private or governmental owned road is the only means of egress of large numbers of people living in a densely populated area and it is subject to periodic obstruction (e.g. flooding) not due to an Act of God of sufficient degree that vehicular traffic cannot pass a significant amount of the time."

The first two conditions described above i. e. , stagnant or un-wholesome water and interference with sewage systems or water supplies, could logically fall under the broad definition of nuisance in § 1 (g) of Article 4477-1 and also under the two quoted specific definitions from § 2 (we included § 2e on the assumption that the road is maintained by the county or by a county commissioner and, although your letter does not reveal this information, your brief so indicates).  Moreover, subsections e and (1) of § 2 refer to poorly maintained sewage conditions and these impliedly could apply to the conditions described in the health unit's letter.

On the other hand, we doubt that the conditions described in 3 and 4 of the letter would invoke the provisions of Article 4477-1.  The fact that a road is not adequate to handle the amount of traffic required of it seems to us remote from the health hazards contemplated by Article 4477-1.

The well-written and well-reasoned brief provided with your request reaches a contrary result based upon Articles 2351, 6713, 6738 and 6771, V. T. C. S. , which give county governments exclusive authority over the maintenance of county roads, including the construction and maintenance of drainage facilities.  We do not believe that these statutes authorize a violation of Article 4477-1, V. T. C. S. , or the maintenance of a health nuisance as defined  therein, e. g. , Article 4477-1, § 2 (e), V. T. C. S. , supra.

## SUMMARY

Conditions of a road may be considered a health nuisance under the provisions of Article 4477-1, V. T. C. S. , if the conditions defined in the statute exist with reference to or because of the road or its maintenance.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:


LARRY F. YORK, First Assistant


DAVID M. KENDALL, Chairman
Opinion Committee